United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDUSSELAM HUZEYFE BEZIRGAN,

    Plaintiff,

    v.

TIMES INTERNET LIMITED,

    Defendant.

Case No.: 4:25-cv-03224-YGR

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE

Dkt. Nos.: 17, 21

Pro se plaintiff Abdusselam Huzeyfe Bezirgan sued defendant Times Internet Limited for copyright infringement, unfair competition, and related claims. (Dkt. No. 1 ("Compl.").) Now pending is plaintiff's motion for alternative service on defendant. (Dkt. No. 17 ("Mtn.").) The Court ordered supplemental briefing on June 15, 2026, which plaintiff timely submitted.[1] (*See* Dkt. No. 20 ("Supp. Br.").) For the reasons given herein, the motion is **GRANTED**.[2]

## I.    BACKGROUND

The complaint alleges as follows:

Plaintiff is a citizen of Canada and independent journalist and videographer who produces footage for digital broadcast. (Compl. ¶¶ 1, 6.) Defendant is a media conglomerate registered under the laws of India that operates various digital news outlets. (*Id.* at ¶¶ 2, 8.) On March 5, 2025, plaintiff published a video of a protestor blocking the vehicle of Indian External Affairs Minister S. Jaishankar and holding up the Indian national flag before being intercepted by authorities. (*Id.* ¶ 1.)

---

[1] Plaintiff's administrative motion to file under seal unredacted Google subscriber information (Dkt. No. 21) is hereby **GRANTED**.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

Plaintiff registered the video with the U.S. Copyright Office. (*Id.*) On March 6, 2025, defendant published a video to its YouTube channel and its website, which incorporated reproductions and frames extracted from plaintiff's copyrighted work. (*Id.* ¶¶ 2, 21.) On March 8, 2025, plaintiff submitted a Digital Millennium Copyright Act ("DMCA") takedown notice to YouTube for defendant's video. (*Id.* ¶¶ 4, 24.) Defendant then filed a DMCA counter-notification denying any use of plaintiff's content and claiming its footage was sourced from a third-party agency. (*Id.* ¶ 4.) YouTube thereafter removed defendant's video from its platform, but the video remains accessible and monetized on defendant's website. (*Id.* ¶¶ 4, 24.)

Plaintiff filed suit on April 10, 2025. In the instant motion, plaintiff states that he "initiated service of process through the Hague Convention by transmitting the Summons, Complaint, and related service documents to India's designated Central Authority via DHL express." (Mtn. ¶ 3.) Attached to the motion are tracking records and proof of delivery from DHL indicating that the package was picked up on May 21, 2025 and delivered on May 26, 2025. (Dkt. No. 17-1, Declaration of Abdusselam Bezirgan ("Bezirgan Decl.") ¶ 8, Ex. C.) Plaintiff contends that he has not received any acknowledgment or response from the Indian authorities, despite sending three separate email inquiries in the fall of 2025. (Mtn. ¶¶ 21–22; Bezirgan Decl. ¶ 10, Ex. D.)

Plaintiff thereafter obtained account information from Google LLC pursuant to a subpoena. (Mtn. ¶ 5.) Google's production lists the email account timesgroupplus@gmail.com as the "Primary Owner" associated with defendant's YouTube channel and states the account is "Not Deleted." (Mtn. ¶¶ 5, 29; Bezirgan Decl. ¶ 5, Ex. B.) Google's production also lists the status for of the timesgroupplus@gmail.com address as "Enabled" (Bezirgan Decl. ¶ 5, Ex. B) and indicates that the account's "Last Updated Date" is March 27, 2026 and "Last Login[] Date" is December 24, 2025. (Supp. Br. ¶ 3; Dkt. No. 21 ¶ 5, Ex. A.) Plaintiff sent a test email to this address and did not receive a bounce-back or notice of delivery failure. (Mtn. ¶ 6; Bezirgan Decl. ¶ 11, Ex. E.)

Plaintiff now moves the Court to authorize service of process on Times Internet Limited via the timesgroupplus@gmail.com email address.

United States District Court
Northern District of California

2

## II.    DISCUSSION

### A.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) permits service on individuals in a foreign country as follows: "Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: . . . (3) by other means not prohibited by international agreement, as the court orders." *Id.* R. 4(f). To satisfy constitutional norms of due process, the alternative method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting another case).

It is left "to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* In applying Rule 4(f)(3), "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* (collecting cases).

### B.    ANALYSIS

To determine whether alternative service is proper, the Court consider both whether email service (1) is or is not prohibited by international agreement, and (2) is reasonably calculated to provide defendant with notice of this action.

#### 1.    Impact of International Agreement

Here, India is a signatory to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). Further, India has objected to the alternative means of service provided in Article 10 of the Hague Convention.[3] That said, India's objection did not include an express objection to service by email, and thus, does not serve to preclude email service. *See Zoho Corp. v. Target Integration, Inc.*, 2023

---

[3] *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17 (last visited July 2, 2026).

United States District Court<br>Northern District of California

WL 2837676, at *3–4 (N.D. Cal. Apr. 7, 2023); *see also Williams–Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to Article 10 of the Hague Convention); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that . . . have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.") (quoting another case). Moreover, plaintiff attempted to serve defendant through the Hague Convention here, but more than a year has elapsed since plaintiff's submission to the Central Authority, and plaintiff has not received a response.

Under these circumstances, the Court finds that service through the Hague Convention has been ineffective. *See Viral DRM LLC v. Navarro*, 2026 WL 937123, at *4 (N.D. Cal. Apr. 7, 2026) (service via the Hague Convention channels ineffective when no response was received after eight months); *see also Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 965 (N.D. Cal. 2024) (a court may authorize alternate service where "the receiving central authority does not return the required certificate showing it has completed service for more than six months"). Further, the Court finds that service by email upon an entity based in India is not prohibited by international agreement.

### 2.    Notice of the Action Reasonably Achievable by Email

In his motion, plaintiff seeks authorization to serve defendant via the email address that plaintiff obtained by subpoenaing Google for subscriber information for the allegedly infringing YouTube channel. (*See* Mtn. ¶ 5.)

Courts have routinely authorized alternative service to email address obtained in a similar manner. *See Timeless Prod. FZ LLC v. Vieconnect*, 2026 WL 252579, at *2 (N.D. Cal. Jan. 30, 2026) (authorizing service to defendant's email address identified through YouTube's records); *see also Cordova v. Huneault*, 2025 WL 2637504, at *3 (N.D. Cal. Sept. 12, 2025) (authorizing service to an email address linked to defendant's Google AdSense account and YouTube channel). Courts have also found that email service satisfied due process when a test email to the address did not

United States District Court
Northern District of California

receive a bounce-back. *See Viral DRM LLC*, 2026 WL 937123, at \*4 (service to email addresses comported with due process because, *inter alia*, plaintiff's test emails to the address did not receive any bounce-backs); *see also Timeless Prod. FZ LLC*, 2026 WL 252579, at \*2 (email service reasonably calculated to provide actual notice when test email demonstrated an email address was active and functioning.).

Here, Google's subscriber records list timesgroupplus@gmail.com as the "Primary Owner" associated with the Navbharat Times YouTube channel and indicate that this account's "Last Updated Date" is March 27, 2026 and "Last Login[] Date" is December 24, 2025. (Supp. Br. ¶ 3; Dkt. No. 21 ¶ 5, Ex. A.) The records also indicate that the email address is "Enabled" and "Not Deleted." (Bezirgan Decl. ¶ 5, Ex. B.) Further, plaintiff's test email to the address did not bounce back and was shown as delivered to the recipient through a third-party service. (Mtn. ¶ 6; Bezirgan Decl. ¶ 11, Ex. E.) Taken together, this evidence demonstrates that the account remains active and that service to this address is reasonably calculated to provide actual notice to defendant.[4]

### III.   CONCLUSION

Having considered the papers submitted and the pleadings in this action, plaintiff's motion is **GRANTED**. Plaintiff shall serve defendant by emailing timesgroupplus@gmail.com the summons and complaint, along with a copy of the instant order, within ten (10) business days of this order.

This terminates Docket Nos. 17, 21.

**IT IS SO ORDERED**.

Date:  July 6, 2026

_____
**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California

---

[4] The Court is satisfied that with the supplemental briefing that the course referenced herein is the most appropriate approach.