**Abdusselam Bezirgan**
2512–510 12 Avenue SW
Calgary, Alberta T2R 0X5, Canada
(416) 890-8560
**Pro Se Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**ABDUSSELAM BEZIRGAN,**

Plaintiff,

v.

**TIMES INTERNET LIMITED, a business entity operating under the alias NAVBHARAT TIMES, and DOES 1–10, inclusive,**

Defendants

**Case No.: 4:25-cv-03224-YGR**

**PLAINTIFF'S NOTICE OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TIMES INTERNET LIMITED alias NAVBHARAT TIMES**

**Hearing Date:** October 22, 2026
**Hearing Time:** 1:30 P.M
**Location:** Courtroom F, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, before Magistrate Judge Peter H. Kang.

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 22, 2026, at 1:30 P.M., or as soon thereafter as the matter may be heard, before Magistrate Judge Peter H. Kang, Courtroom F, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Abdusselam Huzeyfe Bezirgan ("Plaintiff"), appearing pro se, hereby moves pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of default judgment against Defendant Times Internet Limited ("Times Internet" or "Defendant"). No notice under Rule 55(b)(2) is required because Defendant is in default for failing to appear. See Fed. R. Civ. P. 5(a)(2).

This motion is made following the Clerk's entry of default against Defendant on August 14, 2026. See ECF No. 28. The Court's August 18, 2026 Order directs Plaintiff to file his Motion for Default Judgment.

Plaintiff seeks default judgment on his claims arising from Defendant's unauthorized reproduction, public display, distribution, and monetization of Plaintiff's copyrighted audiovisual work; Defendant's removal and/or alteration of Plaintiff's copyright management information; and the related misconduct alleged in the Complaint. Plaintiff seeks statutory damages and other monetary relief to the extent authorized by law, permanent injunctive relief, costs recoverable by law, and post-judgment interest.

This motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, Plaintiff's supporting declaration and exhibits, the Complaint and its exhibits, the docket and records in this action, and such further evidence and argument as may be presented to the Court.

Dated: September 3rd, 2026

Respectfully submitted,

By: /s/ Abdusselam Bezirgan

Abdusselam Bezirgan
Pro Se Plaintiff

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................6

II. STATEMENT OF ISSUES TO BE DECIDED........................................6

III. STATEMENT OF FACTS ........................................................7

IV. DISCUSSION ........................................................9

**A. Plaintiff Has Satisfied the Requirements for Default Judgment........................................9**

a) Defendant Was Properly Served With Process ........................................9

b) The Court Has Subject-Matter and Personal Jurisdiction ........................................10

c) Entry of Default Was Proper ........................................11

**B. The Eitel Factors Favor Entry of Default Judgment ........................................12**

a) Plaintiff Will Be Prejudiced if Default Judgment Is Denied ........................................13

b) Plaintiff's Claims Are Meritorious and Sufficiently Pleaded ........................................13

c) The Sum of Money at Stake Does Not Preclude Default Judgment ........................................14

d) There Is Little Possibility of a Dispute Concerning Material Facts ........................................15

e) Defendant's Default Was Not the Result of Excusable Neglect ........................................15

f) Although Federal Policy Favors Decisions on the Merits, That Policy Does Not Preclude Default Judgment ........................................16

**C. Plaintiff Is Entitled to Monetary Relief ........................................16**

a) Statutory Copyright Damages ........................................16

b) Statutory Damages for Copyright Management Information Violations........................................18

c) Damages Arising From the DMCA Counter-Notification ........................................19

**D. Plaintiff Is Entitled to Post-Judgment Interest ........................................20**

**E. Plaintiff Is Entitled to Permanent Injunctive Relief ........................................................20**

V. CONCLUSION ..........................................................................................................22

## TABLE OF AUTHORITIES

**Cases**

**Aries Music Entertainment, Inc. v. Angelica's Record Distributors, Inc.**

506 F. App'x 550, 552 (9th Cir. 2013)……………………………………………...........18

**Craigslist, Inc. v. Naturemarket, Inc.**

694 F. Supp. 2d 1039, 1049–50 (N.D. Cal. 2010)…………………………………………..10

**Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.**

840 F.2d 685, 688 (9th Cir. 1988)…………………………………………………………10

**eBay Inc. v. MercExchange, L.L.C.**

547 U.S. 388, 391 (2006)…………………………………………….………………20

**Eitel v. McCool**

782 F.2d 1470, 1471–72 (9th Cir. 1986)……………………………………………12,14

**Feist Publications, Inc. v. Rural Telephone Service Co.**

499 U.S. 340, 361 (1991)………….…………………………………………………13

**Geddes v. United Financial Group**

559 F.2d 557, 560 (9th Cir. 1977)……………………………………………………..12

**In re Tuli**

172 F.3d 707, 712 (9th Cir. 1999)……………………………………………………..10

**PepsiCo, Inc. v. California Security Cans**

238 F. Supp. 2d 1172, 1175–76 (C.D. Cal. 2002)…………………………………………..12

**Stevens v. CoreLogic, Inc.**

899 F.3d 666, 673–78 (9th Cir. 2018)…………………………………………………18

**TeleVideo Systems, Inc. v. Heidenthal**

826 F.2d 915, 917–18 (9th Cir. 1987)…………………………………………………12

## I. INTRODUCTION

1. Plaintiff Abdusselam Huzeyfe Bezirgan seeks entry of default judgment against Defendant Times Internet Limited for unauthorized use of Plaintiff's copyrighted audiovisual work, removal and/or alteration of copyright management information, and related misconduct alleged in the Complaint.

2. Defendant was served pursuant to this Court's Order authorizing alternative service. On July 23, 2026, the Court docketed the executed summons and expressly recorded that Times Internet Limited was served on July 7, 2026, with an answer due July 28, 2026. See ECF No. 26.

3. Defendant failed to answer, appear, or otherwise defend this action. Plaintiff thereafter moved for entry of default on August 5, 2026, and the Clerk entered default against Defendant on August 14, 2026. See ECF Nos. 27–28.

4. Plaintiff has therefore satisfied the procedural prerequisites for seeking default judgment under Rule 55(b)(2). Because Defendant has failed to participate despite proper service and entry of default, the Eitel factors favor entry of judgment.

5. Plaintiff respectfully requests that the Court enter default judgment on the well-pleaded claims established by the Complaint and award the relief supported by the pleadings and evidence, including statutory damages, permanent injunctive relief, recoverable costs, and post-judgment interest.

## II. STATEMENT OF ISSUES TO BE DECIDED

6. Whether the Court should enter default judgment against Defendant Times Internet Limited under Federal Rule of Civil Procedure 55(b)(2) given Defendant's failure to

appear or otherwise defend this action after proper service; and if so, the appropriate amount of statutory damages, injunctive relief, and costs to be awarded.

## III. STATEMENT OF FACTS

7. Plaintiff is the sole operator of the YouTube channel Media Bezirgan, through which Plaintiff publishes original audiovisual works documenting current events, including political developments, diplomacy, and diaspora-related events. Plaintiff is the exclusive author and rights holder of the audiovisual work at issue.

8. Plaintiff published the work titled “BREAKING: U.K. Khalistanis Chant in Support of Justin Trudeau, Block Indian Minister’s Car in London” on March 5, 2025. The work consists of original footage filmed and edited by Plaintiff concerning a protest in London during Indian External Affairs Minister S. Jaishankar’s visit. Plaintiff registered the work with the U.S. Copyright Office on March 28, 2025, under Registration No. PA0002522468. A true and correct copy of the registration certificate is attached to the Complaint as Exhibit D. See ECF No. 1.

9. Plaintiff’s copyrighted video contained a visible MEDIA BEZIRGAN watermark and an on-screen copyright disclaimer identifying Plaintiff’s rights and prohibiting unauthorized media use.

10. Defendant Times Internet Limited operates the digital news platform Navbharat Times, including its YouTube channel and website. The Complaint alleges that Defendant published material incorporating reproductions and frames extracted from Plaintiff’s copyrighted footage. Screenshots of the Navbharat Times publication are attached to the Complaint as Exhibit A. See ECF No. 1.

11. Defendant’s publication included a still frame used as a thumbnail, screenshots and video frames taken from Plaintiff’s footage, and footage corresponding to portions of

Plaintiff's original video. The Complaint further alleges that Defendant removed or obscured Plaintiff's visible MEDIA BEZIRGAN watermark.

12. Defendant did not obtain a license or authorization from Plaintiff to use the copyrighted work. The Complaint alleges that Defendant nevertheless copied, reproduced, publicly displayed, distributed, and monetized portions of Plaintiff's work.

13. Plaintiff submitted a DMCA takedown notice to YouTube concerning the Navbharat Times video using portions of Plaintiff's footage. YouTube advised Plaintiff on March 20, 2025 that the identified video had been removed. See ECF No. 1 at 33–42 (Exhibit B). The infringing footage nevertheless remained separately published and monetized in a Navbharat Times website article, which was never removed. See ECF No. 1 ¶24 (Exhibit A); Bezirgan Decl. ¶ 25.

14. On March 27, 2025, Times Internet Limited submitted a DMCA counter-notification concerning the Navbharat Times YouTube channel. In that counter-notification, Defendant stated: "We, Times Internet Limited, owner of the YouTube channel, Navbharat Times" were submitting the counter-notification. See ECF No. 1 at 44–45 (Exhibit C).

15. Defendant's counter-notification asserted that its video contained images sourced from ANI "under license." Plaintiff alleges that this statement was a material misrepresentation because the footage used by Defendant was taken from Plaintiff's original work.

16. Defendant's counter-notification further stated: 'I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.' See ECF No. 1 at 45.

17. On March 28, 2025, Defendant's legal team responded to Plaintiff's correspondence and asserted for the first time that its use of Plaintiff's footage, though still denied, would in any event constitute fair use, a position never raised in Defendant's sworn counter-notification the day before, which instead flatly denied using Plaintiff's footage at all. Compl. ¶41 (Ex. C); Bezirgan Decl. ¶31 (Ex. E). In that same email, Defendant included a collage of images described as 'illustrative third-party usages' to characterize the footage as public domain; Plaintiff has identified several of those images as frames from his own copyrighted video. Bezirgan Decl. ¶32 (Ex. E). Even accepting Defendant's characterization at face value, independent filming of the same newsworthy event by others would not diminish Plaintiff's copyright in his own original recording.

18. Plaintiff commenced this action on April 10, 2025. The Court subsequently granted Plaintiff's motion for alternative service on July 6, 2026. ECF Nos. 1, 23.

19. Plaintiff served Defendant pursuant to the Court's alternative-service Order on July 7, 2026. The executed summons was filed July 23, 2026, and the docket reflects an answer deadline of July 28, 2026. ECF No. 26**.**

20. Defendant did not answer, appear, or otherwise defend the action. Plaintiff moved for entry of default on August 5, 2026. The Clerk entered default on August 14, 2026. ECF Nos. 27–28.

21. On August 18, 2026, the Court ordered Plaintiff to file his Motion for Default Judgment.

## IV. DISCUSSION

### A. Plaintiff Has Satisfied the Requirements for Default Judgment

#### a) Defendant Was Properly Served With Process

22. Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter default judgment after the Clerk has entered default under Rule 55(a). The Ninth Circuit recognizes that

before entering default judgment, the Court must ensure that it has subject-matter and personal jurisdiction over the action and Defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

23. The Northern District of California follows the same approach in default-judgment proceedings, requiring the Court to address jurisdiction and the procedural prerequisites before applying the *Eitel* factors. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1049–50 (N.D. Cal. 2010). In *Craigslist*, the court separately considered subject-matter jurisdiction, personal jurisdiction, and proper service before turning to the *Eitel* factors.

24. Here, service was not accomplished informally or merely by Plaintiff's unilateral action. The Court expressly authorized alternative service on Defendant on July 6, 2026. ECF No. 23.

25. Plaintiff then served Defendant by the method authorized by the Court. The executed summons was filed, and the docket expressly records service on July 7, 2026. ECF No. 26.

26. The Ninth Circuit has recognized that a federal court does not obtain personal jurisdiction over a defendant unless service is properly effected under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Here, Defendant was served pursuant to this Court's express Order authorizing alternative service, and the executed summons was subsequently filed with the Court. ECF Nos. 23, 26.

**b) The Court Has Subject-Matter and Personal Jurisdiction**

27. This action arises principally under the Copyright Act, including Plaintiff's claim for direct copyright infringement under 17 U.S.C. § 501 and the alleged violation of 17

U.S.C. § 1202. The Complaint also alleges related federal and state-law misconduct arising from the same operative facts.

28. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The docket likewise identifies the case as arising under federal question jurisdiction and as a copyright action.

29. The Complaint alleges that Defendant submitted a DMCA counter-notification concerning the infringing material. In the counter-notification, Defendant identified itself as "Times Internet Limited, owner of the YouTube channel, Navbharat Times." ECF No. 1 at 44.

30. The counter-notification expressly states: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant." ECF No. 1 at 45; see also 17 U.S.C. § 512(g)(3)(D).

31. Plaintiff alleges that YouTube is located in this District. Defendant's express statutory consent to jurisdiction and service of process therefore supports the Court's exercise of personal jurisdiction over Defendant.

**c) Entry of Default Was Proper**

32. Defendant was served on July 7, 2026 and was required to answer by July 28, 2026. ECF No. 26.

33. Defendant did not plead or otherwise defend the action. Plaintiff requested entry of default on August 5, 2026, and the Clerk entered default on August 14, 2026. ECF Nos. 27–28.

34. Because Plaintiff seeks statutory damages and equitable relief rather than a sum certain that can simply be entered by the Clerk, Plaintiff properly seeks a court-entered judgment under Rule 55(b)(2). Rule 55(b)(2) provides for court entry of default judgment in cases other than those involving a sum certain or computable amount.

35. The procedural requirements for Rule 55(b)(2) have therefore been satisfied.

**B. The Eitel Factors Favor Entry of Default Judgment**

36. The Ninth Circuit considers seven factors when determining whether to enter default judgment: (1) prejudice to the plaintiff; (2) merits of the substantive claims; (3) sufficiency of the complaint; (4) the sum of money at stake; (5) possibility of dispute concerning material facts; (6) whether default resulted from excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Courts applying *Eitel* have likewise emphasized that entry of default does not automatically entitle a plaintiff to judgment and that the Court must consider the applicable factors before exercising its discretion to enter default judgment. See *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175–76 (C.D. Cal. 2002).

37. Once default has been entered, well-pleaded factual allegations, other than those concerning damages, are generally taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Default does not, however, establish facts that are not well pleaded or legally insufficient claims.

**a) Plaintiff Will Be Prejudiced if Default Judgment Is Denied**

38. Plaintiff will suffer prejudice if default judgment is denied because Defendant has failed to appear or defend this action despite proper service and entry of default.

39. Without default judgment, Plaintiff has no practical mechanism within this action to obtain adjudication of his claims or effective relief against Defendant, which has chosen not to participate in the litigation.

40. Plaintiff has already undertaken the steps necessary to identify, serve, and pursue Defendant, including obtaining an Order authorizing alternative service and completing court-authorized service. Defendant nevertheless failed to participate.

41. This factor therefore favors default judgment.

**b) Plaintiff's Claims Are Meritorious and Sufficiently Pleaded**

42. The Complaint sufficiently alleges ownership of a valid copyright and unauthorized copying of protected material. Plaintiff alleges that he is the sole and exclusive owner of the audiovisual work registered as PA0002522468. The copyright registration certificate identifies Plaintiff as the author and copyright claimant and identifies the work at issue. ECF No. 1 at 47–49. To state a claim for copyright infringement, a plaintiff must establish ownership of a valid copyright and copying of constituent elements of the work that are original. See *Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991).*

43. Plaintiff alleges both ownership of the registered audiovisual work and Defendant's unauthorized reproduction, public display, and distribution of portions of that work. The Complaint identifies the alleged infringing uses, including a still frame used as a thumbnail, copied screenshots and video frames, and footage corresponding to portions of Plaintiff's original video. See ECF No. 1 at 28–31.

44. Plaintiff submitted a copyright takedown notice to YouTube identifying the Navbharat Times video using Plaintiff's footage, and YouTube later confirmed removal of the identified video.. See ECF No. 1 at 33–42.

45. The Complaint further alleges that Defendant removed or deliberately obscured Plaintiff's visible watermark while reproducing and exploiting Plaintiff's work. The Complaint also alleges that Defendant's counter-notification materially misrepresented that the disputed footage was licensed from ANI. See ECF No. 1 at 44–45. These allegations, together with the documentary evidence attached to the Complaint, sufficiently plead Plaintiff's claims for purposes of default judgment.

46. The second and third Eitel factors therefore favor entry of default judgment.

**c) The Sum of Money at Stake Does Not Preclude Default Judgment**

47. The fourth Eitel factor considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *Eitel*, 782 F.2d at 1472. Courts consider whether the requested award is proportional to the circumstances of the case.

48. Plaintiff seeks statutory damages rather than an unsupported calculation of Defendant's profits because Defendant has failed to appear and has provided no financial information concerning its exploitation, viewership, revenues, profits, or monetization of Plaintiff's copyrighted material.

49. The Complaint alleges that Defendant's infringement caused financial losses, diminished control over Plaintiff's work, and improper commercial advantage.

50. Plaintiff therefore requests statutory damages in the amount of $150,000 under 17 U.S.C. § 504(c)(2), based upon the willful nature of the infringement alleged in the Complaint, Defendant's commercial use of Plaintiff's original footage, Defendant's removal or obscuring of Plaintiff's watermark, its counter-notification disputing Plaintiff's claim, and the circumstances established by the record.

51. Plaintiff separately seeks statutory damages of $25,000 under 17 U.S.C. § 1203(c)(3)(B) for Defendant's alleged removal and/or alteration of Plaintiff's copyright management information.

52. The requested statutory damages reflect the statutory maximum available for willful copyright infringement and knowing removal of copyright management information, and are warranted given Defendant's continued exploitation of Plaintiff's registered work across both Defendant's YouTube channel and its website, Defendant's shifting and contradictory justifications for its conduct, and the other circumstances established in this action.

53. This factor does not preclude default judgment.

**d) There Is Little Possibility of a Dispute Concerning Material Facts**

54. The Complaint identifies Plaintiff's copyrighted work, its registration, Defendant's allegedly infringing publication, the specific portions copied, removal of Plaintiff's watermark, and Defendant's subsequent DMCA counter-notification.

55. Defendant has not appeared to dispute those allegations.

56. Because default has been entered, the well-pleaded factual allegations concerning liability are deemed admitted for purposes of the default-judgment analysis.

57. There is therefore little possibility of a material factual dispute that would prevent entry of default judgment.

**e) Defendant's Default Was Not the Result of Excusable Neglect**

58. Defendant was served pursuant to an Order of this Court and had an express deadline of July 28, 2026 to answer. ECF No. 26.

59. Defendant did not answer or otherwise defend, and the Clerk subsequently entered default on August 14, 2026. ECF No. 28.

60. The record contains no indication that Defendant's failure to respond resulted from excusable neglect. Defendant received court-authorized service and simply failed to participate.

61. This factor favors default judgment.

**f) Although Federal Policy Favors Decisions on the Merits, That Policy Does Not Preclude Default Judgment**

62. Federal policy generally favors resolution of cases on their merits. But that policy does not require denying relief where a properly served defendant refuses to participate.

63. Defendant has had an opportunity to appear and defend but has not done so. Plaintiff cannot obtain a merits-based resolution unless the Court exercises its authority under Rule 55(b)(2).

64. The seventh Eitel factor therefore does not outweigh the other factors favoring default judgment.

65. On balance, the Eitel factors favor entry of default judgment.

**C. Plaintiff Is Entitled to Monetary Relief**

**a) Statutory Copyright Damages**

66. A copyright owner may elect statutory damages instead of actual damages and profits. 17 U.S.C. § 504(c).

67. Plaintiff has elected statutory damages because Defendant has failed to participate in the litigation and has provided no discovery concerning its revenues, profits, expenses, or monetization of the infringing material. (Bezirgan Decl. ¶ 39.)

68. Plaintiff's Complaint and declaration establish willful infringement. Defendant copied Plaintiff's work and used identifiable portions of the original footage (Bezirgan Decl. ¶¶ 11–15), removed or obscured Plaintiff's watermark (Bezirgan Decl. ¶¶ 22, 24), and

continued to exploit the material after Plaintiff asserted his copyright. Defendant's infringement occurred on both Defendant's YouTube channel and its website, and notwithstanding YouTube's removal of the infringing video from YouTube, the infringing material remains publicly accessible and monetized on Defendant's own website, continuing to generate traffic and advertising revenue based on the misappropriated content. (Bezirgan Decl. ¶ 25.) Because both placements infringe the same single registered work, statutory damages are properly calculated per work, not per placement or per copy. 17 U.S.C. § 504(c)(1). Defendant's willfulness is further evidenced by its shifting and inconsistent justifications: Defendant's sworn counter-notification denied using Plaintiff's footage at all and claimed the material was licensed from ANI (Compl. ¶41, Ex. C), but the following day, when confronted with direct evidence, Defendant's legal team abandoned that position and asserted instead that the footage was in the public domain and, alternatively, that its use amounted to fair use, a defense never raised in the counter-notification itself. (Bezirgan Decl. ¶¶ 31–32, Ex. E.)

69. Defendant's own submission in support of its public-domain claim included images Plaintiff has identified as frames from his own copyrighted footage, undermining rather than supporting Defendant's position; in any event, even genuinely independent footage of the same newsworthy event filmed by others would not defeat Plaintiff's copyright in his own original recording. (Bezirgan Decl. ¶ 32.) Plaintiff accordingly seeks the statutory maximum for a single work under 17 U.S.C. § 504(c)(1).

70. The Ninth Circuit has recognized that where willful infringement is specifically pleaded, a default judgment may include an implied finding of willfulness supporting an enhanced statutory-damages award. *Aries Music Entertainment, Inc. v. Angelica's Record Distributors, Inc.*, 506 F. App'x 550, 552 (9th Cir. 2013). Accordingly, Plaintiff

requests enhanced statutory damages under 17 U.S.C. § 504(c)(2), subject to the Court's determination of the appropriate amount.

71. Because the work was first published on March 5, 2025 (Bezirgan Decl. ¶ 4), and registered on March 28, 2025 (Bezirgan Decl. ¶ 5), within three months of first publication, statutory damages are available notwithstanding 17 U.S.C. § 412(2).

72. Plaintiff therefore requests statutory damages in the amount of $150,000, or such other amount as the Court determines appropriate under 17 U.S.C. § 504(c).

**b) Statutory Damages for Copyright Management Information Violations**

73. Plaintiff's copyrighted video contained visible Copyright Management Information, including the MEDIA BEZIRGAN watermark and copyright disclaimer. (Bezirgan Decl. ¶ 6.) Plaintiff's review confirms that Defendant removed or deliberately obscured Plaintiff's watermark before redistributing the material. (Bezirgan Decl. ¶¶ 22–24.) Section 1202(b) requires more than the mere removal or alteration of copyright management information; the defendant must act knowingly or with reasonable grounds to know that the removal or alteration will induce, enable, facilitate, or conceal infringement. *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 673–78 (9th Cir. 2018). Here, Defendant removed or obscured Plaintiff's visible watermark while reproducing and exploiting Plaintiff's work, thereby concealing the source of the copied material from Defendant's own readers and viewers and facilitating further unauthorized re-use and re-distribution of the material by those third parties without attribution to Plaintiff. (Bezirgan Decl. ¶¶ 22–24.)

74. Plaintiff therefore seeks statutory damages under 17 U.S.C. § 1203(c)(3)(B), in the amount of $25,000, or such other amount as the Court determines appropriate based upon the violation established by the record.

**c) Damages Arising From the DMCA Counter-Notification**

75. The Complaint alleges that Defendant submitted a DMCA counter-notification containing materially false representations, including the assertion that the footage was licensed from ANI, despite Plaintiff's allegation that the material was taken from Plaintiff's original footage.

76. The counter-notification was submitted under penalty of perjury and expressly invoked the statutory DMCA process. The counter-notification also contained the required consent-to-jurisdiction language.

77. To the extent the Court determines that the pleaded facts establish a claim under 17 U.S.C. § 512(f), Plaintiff requests damages for the actual damages caused by the material misrepresentation, in an amount supported by Plaintiff's declaration and evidence.

78. Plaintiff requests actual damages under 17 U.S.C. § 512(f) in the amount of $10,000, or such other amount as the Court determines is established under § 512(f), based on Defendant's alleged material misrepresentation in its counter-notification and the resulting injury to Plaintiff's rights and control over his copyrighted work.

79. The Complaint identifies one registered audiovisual work, Registration No. PA0002522468. Any § 512(f) award in this action should be based on the evidence actually submitted here.

**D. Plaintiff Is Entitled to Post-Judgment Interest**

80. Plaintiff requests post-judgment interest on any monetary judgment pursuant to 28 U.S.C. § 1961.

81. Section 1961 provides for interest on a money judgment from the date judgment is entered at the applicable statutory rate. The Court should therefore include post-judgment interest as part of the judgment.

82. Plaintiff requests that post-judgment interest accrue at the applicable statutory rate from the date of entry of judgment until the judgment is satisfied.

**E. Plaintiff Is Entitled to Permanent Injunctive Relief**

83. Under 17 U.S.C. § 502(a), the Court may grant permanent injunctive relief on reasonable terms to prevent or restrain copyright infringement.

84. A permanent injunction is appropriate where the traditional equitable factors support such relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)

85. Plaintiff has established a concrete instance of unauthorized copying. Defendant reproduced portions of Plaintiff's copyrighted work, publicly displayed and monetized the material, and removed or obscured Plaintiff's watermark.

86. The first equitable factor—irreparable injury—favors Plaintiff. Continued unauthorized reproduction and public display diminish Plaintiff's control over his original work, interfere with its licensing and monetization value, and make the extent of ongoing online dissemination difficult to quantify. Indeed, the infringing material remains publicly accessible and monetized on Defendant's own website even after YouTube removed the infringing video, demonstrating that the harm is ongoing and cannot be remedied by removal from a single platform alone. (Bezirgan Decl. ¶ 25.)

87. The second factor—inadequacy of monetary remedies—also favors Plaintiff. A monetary award alone cannot fully restore Plaintiff's control over the continued online reproduction and dissemination of his original footage.

88. The third factor—the balance of hardships—favors Plaintiff. An injunction would merely require Defendant to refrain from using copyrighted material that it has no right to use. Plaintiff, by contrast, faces continuing harm if unauthorized use recurs.

89. The fourth factor—the public interest—also favors an injunction. The public has a substantial interest in enforcement of the copyright laws and protection of lawful copyright ownership.

90. Plaintiff therefore respectfully requests a permanent injunction restraining Defendant, its officers, agents, employees, representatives, and persons acting in concert with Defendant who receive actual notice, from directly or indirectly reproducing, distributing, publicly displaying, transmitting, uploading, publishing, monetizing, or otherwise exploiting Plaintiff's audiovisual work titled 'BREAKING: U.K. Khalistanis Chant in Support of Justin Trudeau, Block Indian Minister's Car in London,' including the work registered under U.S. Copyright Registration No. PA0002522468, without authorization.

91. Plaintiff further requests an order requiring Defendant to remove infringing copies of that work from online accounts, websites, channels, or other platforms within Defendant's ownership or control, to the extent permitted by law

92. Plaintiff also requests appropriate injunctive relief prohibiting further unauthorized removal, alteration, falsification, or concealment of Plaintiff's copyright management information.

## V. CONCLUSION

93. For the foregoing reasons, Plaintiff Abdusselam Huzeyfe Bezirgan, appearing pro se, respectfully requests that the Court enter default judgment against Defendant Times Internet Limited and award:

a. Statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2), in an amount of $150,000, or such amount as the Court determines appropriate;
b. Statutory damages for removal and/or alteration of copyright management information pursuant to 17 U.S.C. § 1203(c)(3)(B), in an amount of $25,000, or such amount as the Court determines appropriate;
c. Damages under 17 U.S.C. § 512(f), to the extent the Court determines that the pleaded and proven facts establish such liability, in an amount of $10,000;
d. Permanent injunctive relief pursuant to 17 U.S.C. § 502 restraining Defendant from further infringement and requiring removal of infringing copies within Defendant's ownership or control;
e. Appropriate injunctive relief concerning Plaintiff's copyright management information;
f. Costs recoverable by law;
g. Post-judgment interest pursuant to 28 U.S.C. § 1961; and
h. Such other and further relief as the Court deems just and proper.

Dated: September 3rd, 2026

Respectfully submitted,

By: /s/ Abdusselam Bezirgan

Abdusselam Bezirgan
Pro Se Plaintiff

**Disclosure**: The language of this Motion was prepared with the assistance of a generative artificial intelligence drafting tool. All legal citations and factual assertions have been independently verified against the record.