**Abdusselam Bezirgan**
2512–510 12 Avenue SW
Calgary, Alberta T2R 0X5, Canada
(416) 890-8560
**Pro Se Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Case No.: 4:25-cv-03224-YGR**

**ABDUSSELAM BEZIRGAN,**

Plaintiff,

v.

**TIMES INTERNET LIMITED, a business entity operating under the alias NAVBHARAT TIMES, and DOES 1–10, inclusive,**

Defendants.

**[Proposed] Order Granting Plaintiff's Motion For Default Judgment**

On August 14, 2026, the Clerk entered default against Defendant Times Internet Limited ("Times Internet" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 28).

Plaintiff Abdusselam Bezirgan ("Plaintiff") moved for entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).

Defendant was properly served with process pursuant to this Court's Order authorizing alternative service (ECF No. 23), and failed to answer, appear, or otherwise defend this action within the time permitted. The Clerk entered default against Defendant on August 14, 2026 (ECF No. 28). Having considered the factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Court finds that default judgment is warranted.

NOW THEREFORE, considering all papers and matters presented, and for good cause shown, JUDGMENT IS ENTERED IN FAVOR OF ABDUSSELAM BEZIRGAN AND AGAINST TIMES INTERNET LIMITED.

**JUDGMENT IS ENTERED AS FOLLOWS:**

**A.** Plaintiff's application for default judgment is **GRANTED**.

**B. Permanent Injunctive Relief**

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any one or more of them who receive actual notice of this Order by personal service or otherwise, are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from:

   i. Directly or indirectly infringing Plaintiff's copyrights, including reproducing, copying, distributing, publicly displaying, transmitting, uploading, posting, publishing, marketing, advertising, monetizing, or otherwise exploiting Plaintiff's copyrighted works, or any copies or derivative uses thereof, or participating or assisting in any such activity;

   ii. Directly or indirectly removing, altering, falsifying, obscuring, or concealing any copyright management information associated with Plaintiff's copyrighted works; and

   iii. Submitting false or misleading DMCA counter-notifications concerning Plaintiff's copyrighted works.

2. Defendant shall remove, and shall cause to be removed, all infringing copies of Plaintiff's copyrighted works from any online accounts, platforms, websites, channels, or other services under Defendant's ownership or control, including infringing material published through Navbharat Times.

**C. Statutory Copyright Damages**

1. Plaintiff shall recover $ 150,000 in statutory damages from Defendant for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2), representing statutory damages for the copyrighted work identified in the Complaint, including the work registered under U.S. Copyright Registration No. PA0002522468.

**D. Statutory Damages for Removal and/or Alteration of Copyright Management Information**

1. Plaintiff shall recover $ 25,000 in statutory damages from Defendant for removal and/or alteration of copyright management information pursuant to 17 U.S.C. § 1203(c)(3)(B), based on the violations established by the Complaint and supporting evidence.

**E. Damages for Bad-Faith and Materially False DMCA Counter-Notification**

1. Plaintiff shall recover $ 10,000 in damages from Defendant for the materially false DMCA counter-notification alleged in the Complaint pursuant to 17 U.S.C. § 512(f).

**F. Amount Plaintiff Shall Recover From Defendant**

1. Plaintiff shall recover a total of $ 185,000 from Defendant, consisting of:
   a. statutory damages for willful copyright infringement;
   b. statutory damages for violations involving removal and/or alteration of Plaintiff's copyright management information; and
   c. damages arising from the materially false DMCA counter-notification.

**G. Costs**

1. Plaintiff is entitled to recover costs recoverable by law, in an amount to be determined upon further application or submission as permitted by the Court.

**H. Post-Judgment Interest**

1. Plaintiff shall recover post-judgment interest at the applicable statutory rate from the date of entry of this judgment pursuant to 28 U.S.C. § 1961.

This is a **FINAL JUDGMENT** for which execution shall issue.

The Court denies all relief not expressly granted in this Judgment.

**SO ORDERED.**

**DATED:**

**UNITED STATES DISTRICT JUDGE**

**HON. YVONNE GONZALEZ ROGERS**