**Abdusselam Bezirgan**
Calgary, Alberta, Canada
(416) 890-8560
abdusselambezirgan@gmail.com
**Pro Se Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**ABDUSSELAM BEZIRGAN,**
Plaintiff,
v.

**TIMES INTERNET LIMITED, a business entity operating under the alias NAVBHARAT TIMES, and DOES 1–10, inclusive,**
Defendants

**Case No.: 4:25-cv-03224-YGR**

**PLAINTIFF'S ADMINISTRATIVE MOTION TO APPEAR REMOTELY, OR, IN THE ALTERNATIVE, TO DETERMINE THE MOTION FOR DEFAULT JUDGMENT WITHOUT ORAL ARGUMENT**

**[Civil L.R. 7-11, No Hearing Required]**

**Hearing: October 23, 2026, 2:00 p.m.**
**Courtroom F, Hon. Peter H. Kang**

TO THE HONORABLE PETER H. KANG, UNITED STATES MAGISTRATE JUDGE:

Pursuant to Civil Local Rule 7-11 and Section VII(D) of this Court’s Civil Standing Order, Plaintiff Abdusselam Huzeyfe Bezirgan (“Plaintiff”), appearing pro se, respectfully moves for an order permitting him to appear by videoconference at the hearing on his Motion for Default Judgment (ECF No. 30), set for October 23, 2026 at 2:00 p.m. in Courtroom F. In the alternative, Plaintiff requests that the Court vacate the hearing and determine that motion on the papers submitted, pursuant to Civil Local Rule 7-1(b). This Motion is based upon the accompanying Declaration of Abdusselam Huzeyfe Bezirgan, the records on file in this action, and the [Proposed] Order submitted herewith.

## I. RELIEF REQUESTED

Plaintiff respectfully requests an order (1) permitting him to appear by videoconference (Zoom), or by telephone at the Court's preference, at the October 23, 2026 hearing on his Motion for Default Judgment; or (2) in the alternative, vacating that hearing and determining the Motion for Default Judgment on the papers submitted, pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

Plaintiff filed this action on April 10, 2025. On July 6, 2026, the Court granted Plaintiff's motion for alternative service under Federal Rule of Civil Procedure 4(f)(3). (ECF No. 23.) Defendant Times Internet Limited was served on July 7, 2026, and its response was due July 28, 2026. (ECF No. 26.) Defendant did not respond, and the Clerk entered default on August 14, 2026. (ECF No. 28.) Defendant has never appeared in this action, and no counsel has ever appeared on its behalf.

On August 18, 2026, the Court directed Plaintiff to file his Motion for Default Judgment and referred that motion to the assigned Magistrate Judge for a Report and Recommendation. (ECF No. 29.) The matter was referred to this Court on August 20, 2026. Plaintiff filed the Motion on September 3, 2026. (ECF No. 30.) Responses were due September 17, 2026 and replies September 24, 2026. Defendant filed no response, and both deadlines have passed.

The hearing was initially set for October 22, 2026 at 1:30 p.m. By Clerk's Notice of September 30, 2026, it was reset to October 23, 2026 at 2:00 p.m., in person, in Courtroom F. (ECF No. 32.) Plaintiff resides in Calgary, Alberta, Canada, and is not represented by counsel. (Decl. ¶¶ 2–3, 9.)

## III. GOOD CAUSE EXISTS TO EXCUSE PLAINTIFF'S PERSONAL ATTENDANCE

This Motion is timely. Section VII(D) requires that a request to appear remotely be filed at least two weeks in advance of the motion hearing. The hearing is set for October 23, 2026, and this Motion is filed on October 9, 2026, two weeks in advance. Section VII(D) permits a remote appearance where the Court finds good cause to excuse personal attendance and that personal attendance is not needed in order to have an effective hearing. Plaintiff is mindful that ECF No. 32 designates this hearing as in person, and he therefore seeks relief by motion, as Section VII(D) requires, rather than assuming any entitlement to appear remotely.

**A. Plaintiff resides in another country, far beyond the Court's 100-mile limitation.**

The Standing Order's reluctance to excuse personal attendance is directed at parties within the Bay Area counties or otherwise within 100 miles of the courthouse. Plaintiff is neither. He resides in Calgary, Alberta, Canada, approximately 1,000 miles from the San Francisco courthouse and in a different country. Attendance in person would require international air travel, clearance through customs and immigration, and a minimum of two days away from his home and his work. (Decl. ¶¶ 3–6.)

**B. Plaintiff appears pro se and has no counsel who could appear in his place.**

A represented party faced with an inconvenient hearing date can send counsel of record, or local counsel, to the courthouse. Plaintiff has no such option; the burden of personal attendance falls on him alone. (Decl. ¶ 9.)

**C. The cost of attending in person is substantial in relation to this matter.**

The lowest round-trip airfare between Calgary and San Francisco for travel on October 22–23, 2026, checked on October 9, 2026, is US$470, and the lowest fare on a nonstop itinerary is US$486. One night's lodging in San Francisco would be approximately US$150, and ground transportation, meals, and incidental costs approximately US$150, for roughly US$770 in all, plus two days of lost work. (Decl. ¶¶ 7–8.) That is a meaningful expense for an individual

proceeding without counsel, incurred to attend a hearing on an unopposed motion in a case in which the opposing party has never appeared.

**D. Defendant has defaulted and will not appear, so personal attendance is not needed for an effective hearing.**

Defendant has never appeared, and its time to respond to the Motion for Default Judgment expired on September 17, 2026 without any filing. The October 23, 2026 hearing will therefore be non-adversarial: there is no opposing argument to meet, no witness to confront, and no disputed evidentiary showing to be tested. Whatever the Court wishes to ask will concern the sufficiency of Plaintiff's written submissions and the relief sought, questions Plaintiff can answer as fully by videoconference as in the courtroom. (Decl. ¶¶ 10–11.) A remote appearance assures the Court that Plaintiff will be present and available to respond, which is the principal function the hearing can serve in this posture.

**E. Plaintiff acknowledges the Standing Order's limitation as to moving parties.**

Plaintiff recognizes that Section VII(D) provides that the Court will not generally grant a request to appear remotely made by the moving party on the motion that is the subject of the hearing. Plaintiff does not seek to avoid the obligation to support his own motion; he seeks only to discharge it by a means that does not require international travel. The circumstances here differ from the ordinary case in three respects: Plaintiff is self-represented and cannot send counsel; the motion is unopposed because Defendant is in default; and the Report and Recommendation will rest on a written record that is already complete. Plaintiff respectfully submits that these circumstances, taken together, are compelling.

## IV. IN THE ALTERNATIVE, THE MOTION MAY BE DETERMINED WITHOUT ORAL ARGUMENT

Civil Local Rule 7-1(b) provides that a motion may be determined without oral argument. Where a defendant has defaulted and filed no opposition, the written record is ordinarily sufficient for the court to weigh the seven factors identified in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). If the Court prefers that course, Plaintiff respectfully requests that the hearing be vacated and the Motion submitted on the papers. Plaintiff also stands ready to respond in writing, on whatever schedule the Court sets, to any questions the Court may have.

## V. NO STIPULATION COULD BE OBTAINED (CIVIL L.R. 7-11(a))

Civil Local Rule 7-11(a) requires that an administrative motion be accompanied by a stipulation under Civil Local Rule 7-12 or a declaration explaining why one could not be obtained. Defendant has never appeared, has no counsel of record, and is in default. There is accordingly no opposing party or counsel from whom a stipulation could be sought. The accompanying Declaration so states at paragraph 12.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to appear by videoconference at the October 23, 2026 hearing or, in the alternative, vacate the hearing and determine the Motion for Default Judgment on the papers submitted.

Dated: October 9, 2026

Respectfully submitted,

By: /s/ Abdusselam Bezirgan

Abdusselam Bezirgan

Pro Se Plaintiff